IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 2:08-CR-0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

## MOTION TO SUPPRESS

**COMES NOW JEREMY C. MCWHORTER** by and through undersigned counsel, Michael J. Petersen, and moves to suppress the stop and search of the Oldsmobile 88 bearing Alabama license plate 59581AN which he was driving west on Moorcroft Drive in Montgomery, Alabama on or about May 2, 2007. The items to be suppressed include any physical evidence seized and any items of evidence or statements that are the illegal "fruits" of the search.

### Relevant Facts

On or about May 2, 2007, Montgomery Police Department officer A. R. Kestle #1659 responded to 3005 Moorecroft Drive, Apt. E, Montgomery, Alabama in reference to a reported disturbance. At approximately 5:27 p.m., Officer Kestle was interviewing a Katorie Stinson of 3022 Kelly Circle, Apt. D at 3005 Moorecroft Drive. During the course of the interview, Ms. Stinson alleged that Mr. McWhorter had threatened her and that Mr. McWhorter was also known to have assault weapons in the trunk of his vehicle. Ms. Stinson then saw a blue Oldsmobile 88 travelling west on Moorcroft Drive and said that the driver was Mr. McWhorter. Officer Kestle then followed the car to the intersection of Strathmore Drive and Medford Lane and conducted a traffic stop.

Officer Kestle approached the Oldsmobile and asked for identification. Mr. McWhorter identified himself and Officer Kestle proceeded to pull him from the car. At the same time, another

Montgomery Police Department officer, Officer Greene, pulled the passenger, Sean Howard out of the car. The officers conducted a pat down search of both Mr. McWhorter and Mr. Howard and discovered nothing. Both Mr. McWhorter and Mr. Howard were "detained" at the rear of the car while Officer Greene conducted a "wing span" search of the car and allegedly discovered a red backpack. Both officers claim that a strong odor of marijuana was present.

Officer Kestle asked Mr. McWhorter several times for permission to search the trunk of the car and was denied permission each time. Officer Kestle then contacted Unit 764 and requested a K-9.

Officer Bentley's K-9 allegedly alerted on the driver's side door and the trunk. The officers opened the trunk and discovered three assault rifles and a quantity of alleged marijuana in a back pack. Because a traffic stop with the issuance of a citation and no custodial arrest does not allow for a search of a vehicle or even a canine sniff, the continued detention of Mr. McWhorter and the subsequent canine sniff and search of the defendant's Oldsmobile 88 bearing Alabama license plate 59581AN on May 2, 2007, must be suppressed along with all items of evidence or statements that are the illegal "fruits" of the search.

## Discussion

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST., Amend IV. Once an officer gathers information necessary to complete an investigation, further exploratory searches based on "hunches" are not permitted. *United States v. Perkins*, 348 F.3d 965 (11th Cir. 2003).

Four factors are generally considered in deciding whether a defendant has been detained pursuant to *Terry* as opposed to arrested: (1) the law enforcement purpose served by the detention;

(2) the diligence with which the police pursued the investigation; (3) the scope and intrusiveness of the investigation; and (4) the duration of the detention. In balancing these factors, the focus is on whether the police diligently pursued a means of investigation likely to confirm or dispel their suspicions quickly. *See United States v. Street*, 472 F.3d 1298, 1306 (11th Cir. 2006). By detaining Mr. McWhorter and not pursuing the investigation for which Mr. WcWhorter was allegedly stopped, the additional detention was unlawful.

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. While not all police-citizen encounters trigger Fourth Amendment scrutiny, a traffic stop is a limited seizure within the meaning of the Fourth Amendment, and that it is analogous to an investigative detention. *United States v. Perkins*, 348 F. 3d 965, 969 (11th Cir. 2003). Therefore, the legality of such stops is analyzed under the standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). *Terry* requires that such stops require "an officer [to] have an objective, reasonable suspicion of criminal activity," before seizing an individual. *Id*.

Whether an officer has a "reasonable suspicion" of criminal activity sufficient to justify such an investigatory stop is determined based on the totality of the circumstances, and from the collective knowledge of the officer involved in the stop. *United States v. Tapia*, 912 F.2d 1367, 1370 (11th Cir. 1990). However, "reasonable suspicion" may not be based on the officer's hunch, but requires that the police officer be able to point to specific and articulable facts which reasonably warrant the intrusion. *Id*. (*citing, Terry v. Ohio* at 1879); *See also, United States v. Mikell*, 102 F.3d 470, 475 (11th Cir. 1996) (police are required to articulate some minimal, objective justification for the stop).

In the instant matter, the traffic stop was based solely upon information provided by an informant, Ms. Stinson. Mr. McWhorter would assert that none of the factors necessary for a traffic

stop based solely upon the word of Ms. Stinson were present. It does not appear that there was any independent police work to corroborate her tip concerning Mr. McWhorter, her statement does not appear to be against any penal interest she may have, there may or may not have been personal knowledge of any incident reported to the Montgomery Police Department, there is no indication that Ms. Stinson and the police department had a prior history that supports her reliability as an informant, and it would not appear that there was any independent steps to investigate her tip before conducting the traffic stop. *See Ortega v. Christian*, 85 F.3d 1521 (11th Cir. 1996).

At an evidentiary hearing, Mr. McWhorter will show that the officers detained him simply because of the fact that he refused several times to give them permission to search the trunk of his car. The fact that Mr. McWhorter refused to consent to a search of the trunk of his car does not allow the officers to prolong a traffic stop. *See United States v. Boyce*, 351 F.3d 1102, 1110 (11th Cir. 2003).

Mr. McWhorter alleges that an evidentiary hearing will show that the officers' conduct became so intrusive with respect to his freedom of movement and privacy interests that the full protection of the Fourth and Fourteenth Amendments was triggered. *See Hayes v. Florida*, 470 U.S. 811, 815-16 (1985); *United States v. Dunn*, 345 F.3d 1285, 1289-1290 (11th Cir. 2003). The officers conducted a "pat down" after Mr. McWhorter was "pulled" from the car, and no weapons or contraband was discovered either on Mr. McWhorter or his passenger. By continuing to detain him and repeatedly badger him about searching the trunk of his vehicle, without apparently conducting any inquiry into the reason for the stop, that is, the allegation of a disturbance, the officers conduct became unconstitutionally instrusive.

WHEREFORE, Mr. McWhorter prays that this Honorable Court conduct an evidentiary hearing to review the facts and circumstances surrounding the search of the Oldsmobile 88 bearing

Alabama license plate 59581AN. Additionally, any and all evidentiary items obtained as a result of the unlawful seizure are "fruit of the poisonous tree" and are due to be suppressed as well. *See Mapp v. Ohio*, 367 U.S. 643, 654 (1961); *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

Dated this 12th day of March 2008.

                                                    Respectfully submitted,

                                                    s/ Michael J. Petersen
                                                    MICHAEL J. PETERSEN
                                                    Assistant Federal Defender
                                                    201 Monroe Street, Suite 407
                                                    Montgomery, Alabama 36104
                                                    Phone: (334) 834-2099
                                                    Fax: (334) 834-0353
                                                    E-mail: michael_petersen@fd.org
                                                    ASB-5072-E48M

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CASE NO: 2:08-CR-0006-MEF |
| | ) | |
| **JEREMY C. MCWHORTER** | ) | |

## CERTIFICATE OF SERVICE

  I hereby certify that on March 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Matthew Shepherd, Esq., Assistant U.S. Attorney, 131 Clayton Street, Montgomery, AL 36101.

                Respectfully submitted,

                s/ Michael J. Petersen
                MICHAEL J. PETERSEN
                Assistant Federal Defender
                201 Monroe Street, Suite 407
                Montgomery, Alabama 36104
                Phone: (334) 834-2099
                Fax: (334) 834-0353
                E-mail: michael_petersen@fd.org
                ASB-5072-E48M