IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. 02:08CR0006-MEF |
| ) | |
| JEREMY C. MCWHORTER ) | |

RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion to Suppress. As grounds in support of this Response, the United States sets forth the following:

FACTS

At approximately 5:27 pm on Mary 2, 2007, Officer A.R. Kestle responded to a call at the residence of Katorie Stinson on Kelly Circle in Montgomery, Alabama. Ms. Stinson reported to Officer Kestle that Jeremy McWhorter had threatened to shoot her. Ms. Stinson reported that McWhorter had been involved in a shooting into an occupied dwelling on the same block of Kelly Circle. McWhorter had then threatened to shoot Ms. Stinson if she reported him to the police. Ms. Stinson reported to Officer Kestle that McWhorter drove a blue Oldsmobile and kept assault rifles in the trunk of his car. As they were talking, Ms. Stinson pointed out McWhorter driving by in a blue Oldsmobile. Officer Kestle then responded and conducted a traffic stop on the vehicle, which was a blue Oldsmobile 88 to investigate Ms. Stinson's report. Officer Kestle did not suspect the vehicle committed any traffic violations.

Officer Kestle and his partner Officer M.D. Greene, identified the driver as Jeremy

McWhorter, the defendant, and the passenger as Sean Howard. Both drivers were removed from the vehicle and patted down. A strong odor of marijuana was present throughout the vehicle. Officer Greene then conducted a protective search of the inside passenger compartment of the vehicle. On the backseat he found a red backpack which contained marijuana seeds and plastic bags. Officer Kestle requested consent to search the vehicle which was denied. Officer Kestle then requested a K-9 unit. Corporal K.C. Bentley responded with her dog and conducted a free air sniff of the vehicle. The dog alerted on the driver's side door and the trunk. The police then opened the trunk and found three assault rifles in plain view, along with a backpack. Inside the backpack police discovered several bags of marijuana, equally approximately one pound of marijuana. A further search of the vehicle located a bag of marijuana in the vehicle's fuse box. At approximately 6:08 pm, McWhorter and Howard were arrested and transported to the police station.

At the police station, McWhorter refused to waive his right to an attorney, but made several spontaneous remarks regarding the items found in the trunk, specifically, that the police had just messed up, that they did not have to give the marijuana back but that he needed the other items back before "the bodies hit the ground," or words to that effect.

ANALYSIS

In his motion, the defendant seeks to suppress the evidence seized during the traffic stop and search of defendant's vehicle on May 2, 2007, and all statements made to police, because he argues that police officers lacked probable cause or reasonable suspicion to conduct the traffic stop or to search the vehicle. The United States opposes the motion to suppress because law enforcement lawfully stopped and searched the defendant's vehicle.

2

**I. THE POLICE HAD PROBABLE CAUSE TO CONDUCT A SEARCH OF THE DEFENDANT'S VEHICLE.**

Generally the Fourth Amendment requires that a warrant based on probable cause and issued by a neutral magistrate be obtained by law enforcement prior to conducting a search. However, there are exceptions to this rule. Law enforcement may search a motor vehicle without a warrant if there is probable cause to believe that the vehicle contains evidence of a crime and the vehicle is mobile, even if exigent circumstances do not exist. See Maryland v. Dyson, 527 U.S. 465, 466-467 (1999); United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2005). "Probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of crime will be found in a particular place." United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005). Further, probable cause "exists where the facts lead a reasonably cautious person to believe that the 'search will uncover evidence of a crime.'" United States v. Burgos, 720 F.2d 1520, 1525 (11th Cir. 1983). Finally, the standard for probable cause is not that of proof beyond a reasonable doubt, or "overwhelmingly convincing evidence, but only 'reasonably trustworthy information." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).

In this case, Officer Kestle had probable cause to stop and search the defendant's vehicle because he had been given specific information that the driver Jeremy McWhorter had committed a crime and that there was evidence of criminal activity in the vehicle. Officer Kestle received specific, credible information from Katorie Stinson. Ms. Stinson was not a confidential informant or source, but a victim of criminal activity who related her personal knowledge to the police. Ms. Stinson reported that Jeremy McWhorter had been involved in shooting into occupied dwellings on the same block she lived on the previous day, that he threatened to shoot her if she reported him to

the police, that he kept assault rifles in his trunk, and that he drove a blue Oldsmobile. While Officer Kestle was talking to Ms. Stinson, she told him that she saw Jeremy McWhorter driving by in a blue Oldsmobile.

    Ms. Stinson's information was recent and specific, relating to events that had occurred the previous day and the present day. She gave police a name and description of a vehicle. She described the specific criminal activity that McWhorter had committed, shooting into a dwelling on her block and threatening to shoot her. She also gave police a specific location in the vehicle where firearms would be located. When she pointed out McWhorter to Officer Kestle, the officer was able to confirm the make and color of vehicle. Upon contacting the driver of the vehicle, he was able to confirm the identity of the driver that Ms. Stinson had provided. Shooting into occupied dwellings and threatening to shoot a witness are crimes. Assault rifles would reasonably be evidence of McWhorter shooting into dwellings and of his intent to shoot Ms. Stinson when he threatened her. As a result of the specific information provided by Ms. Stinson, and corroborated by Officer Kestle's observation of the same type and color of vehicle driven by the named driver, Officer Kestle had probable cause to conduct a search of McWhorter's vehicle.

    The defendant argues in his motion that the police relied impermissibly on the word of an informant to conduct the traffic stop. The defendant confuses the facts of this case and argues that the police lacked probable cause or reasonable suspicion because they relied on an informant they had never used before and had not independently corroborated her information. However, Ms. Stinson was not a confidential informant, she was a named victim who reported an incident to the police that she had witnessed, and is not to be evaluated with the same suspicion as a confidential informant.

**II. THE POLICE HAD REASONABLE SUSPICION TO CONDUCT AN INVESTIGATORY STOP OF THE DEFENDANT'S VEHICLE AND THEN DEVELOPED PROBABLE CAUSE TO SEARCH THE VEHICLE.**

Even if the information provided by Ms. Stinson did not rise to the level of probable cause to support a stop and search of the defendant's vehicle, the information still provided reasonable suspicion to conduct an investigatory stop of the vehicle, which then developed probable cause to search the entire vehicle. The police developed probable cause during the stop in multiple ways.

First, when officers observe facts which create a reasonable, articulable, objective belief that an individual may be involved in illegal activity, they may conduct a limited, investigatory stop of the person or vehicle without obtaining a warrant. See Terry v. Ohio, 392 U.S. 1 (1968). Terry permits investigatory stops of vehicles as well as of pedestrians. See United States v. Williams, 876 F.3d 1521, 1524 (11th Cir. 1989). "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (citing United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)). The court must consider the "totality of the circumstances" and not look at facts in isolation from each other. United States v. Arvizu, 534 U.S. 266, 274 (2002).

The facts provided by Ms. Stinson were specific and current and would have informed any reasonable officer that the vehicle she pointed out posed a potential danger to others and was potentially involved in criminal activity. Officer Kestle was thus permitted to conduct an investigatory stop. In this case, a named victim provided information of a suspect who had threatened her and who possessed assault rifles in his vehicle. Officer Kestle was not required to

ignore that information and could not have done so without violating his duty to protect the community. As a result, he was permitted to make an investigatory stop.

Once officers stopped McWhorter's vehicle, officers smelled an odor of marijuana throughout the vehicle. Smelling an odor of marijuana coming from a vehicle is sufficient to establish probable cause to support a warrantless search of the vehicle. See United States v. Johns, 469 U.S. 478, 482 (1985) ("After the officers came closer and detected the distinct odor of marijuana, they had probable cause to believe that the vehicle contained contraband."); United States v. Lueck, 678 F.2d 895, 903 (11th Cir. 1982). And if probable cause exists to search the vehicle, police may search any container in the vehicle which may contain the object of the search, including the trunk. United States v. Ross, 456 U.S. 798, 825 (1982); United States v. Mathis, 239 Fed.Appx. 513, 515 (11th Cir. 2007).

The police also developed probable cause through the use of a trained canine to conduct a free-air sniff of the vehicle. Corporal Bentley's dog sniffed the vehicle and detected the smell of narcotics. When a trained canine alerts to the presence of narcotics in a vehicle, the police then have probable cause to search the vehicle. United States v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997); United States v. Porter, 221 Fed.Appx. 836, 840 (11th Cir. 2007). The use of a drug detecting dog to sniff the exterior of a vehicle during a traffic stop is not a search that implicates the Fourth Amendment. See Illinois v. Calles, 543 U.S. 405, 409 (2005); United States v. Glinton, 154 U.S. F.3d 1245, 1257 (11th Cir. 1998); United States v. Holloman, 113 F.3d at 194. Use of a canine to conduct an exterior sniff of a vehicle, however, may not unreasonably lengthen a Terry investigative stop. See United States v. Hardy, 855 F.2d 753, 761 (11th Cir. 1988).

In this case, Officer Kestle responded to Ms. Stinson's residence at 5:27 pm. Shortly thereafter, he stopped McWhorter's vehicle. McWhorter was arrested at 6:08 pm. The total length of the stop was therefore less than 41 minutes, including the amount of time Officer Kestle spoke to Ms. Stinson before even seeing McWhorter's vehicle. In United States v. Hardy, the 11th Circuit upheld an investigatory traffic stop involving the use of a canine sniff that lasted 50 minutes, longer than this stop, finding that amount of time was not unreasonably long. Id. It is also irrelevant that the defendant refused consent to search the vehicle. The police may lawfully conduct a canine sniff without violating the Fourth Amendment after consent is denied. Id. at 759.

Finally, the police developed probable cause during a protective search of the passenger compartment of the vehicle. The information provided by Ms. Stinson gave the police a reasonable basis for believing that the driver of the vehicle posed a danger to him. She told him the driver had shot into buildings, had threatened her and carried weapons in his vehicle. As a result, when officers stopped his vehicle they were permitted to perform a protective search of the passenger compartment. During a Terry stop of a vehicle, police may extend the principle of the protective pat-down of the person to a protective search of the passenger compartment when the police have a reasonable belief that the suspect is dangerous. Michigan v. Long, 463 U.S. 1032, 1049 (1983). This search may extend to all areas of the passenger compartment in which a weapon may be hidden. Id. Further, the police may conduct this protective sweep even if the passengers are already out of the vehicle in police control. Id. at 1051-1052. See also United States v. Holmes, 376 F.3d 270, 279-280 (4th Cir. 2004). Any contraband found during a protective search may lawfully be seized. Michigan v. Long, 463 U.S. at 1050.

After stopping McWhorter's vehicle, Officer Kestle's partner, Officer Green, conducted a protective search of the passenger compartment of the vehicle. During this search, Officer Greene smelled marijuana throughout the vehicle's interior and found a backpack on the back seat of the passenger compartment. The backpack was large enough to hold a weapon. In that backpack, he found marijuana seeds. The discovery of marijuana seeds and the marijuana odor provided probable cause to search the rest of the vehicle, including the trunk.

WHEREFORE, for the reasons described above, the United States respectfully requests that the Defendant's Motion to Suppress be DENIED.

Respectfully submitted this 17th day of March, 2008.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Matthew W. Shepherd
> MATTHEW W. SHEPHERD
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, Alabama 36104
> (334) 223-7280
> (334) 223-7135 Fax
> matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:08CR0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Michael Petersen, Esq., attorney for the defendant Jeremy C. McWhorter.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Matthew W. Shepherd
    MATTHEW W. SHEPHERD
    Assistant United States Attorney
    131 Clayton Street
    Montgomery, Alabama 36104
    (334) 223-7280
    (334) 223-7135 Fax
    matthew.shepherd@usdoj.gov