IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 2:08-CR-0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

**MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING
THE DEFENDANT'S SPECIAL COURT MARTIAL**

**NOW COMES** the Defendant, Jeremy C. McWhorter, by and through undersigned counsel, and moves *in limine* and pursuant to Fed. R. Evid. 401, 402, 403, 404, and 609, for an order prohibiting the United States from introducing irrelevant, immaterial and highly prejudicial argument, evidence or testimony regarding the following, during any trial in this cause:

1. Mr. McWhorter is charged in a two count indictment with possession with intent to distribute a quantity of marijuana and the possession of firearms in the furtherance of the drug trafficking crime as specified in the first count.

2. On February 27, 2008, this Court issued an Order on Arraignment, requiring both parties to provide discovery in accordance with the dictates of this Court's Standing Order on Criminal Discovery. Under the terms of the Court's Standing Order, Section H, the Government is required to provide notice to the Defendant of its "intention to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence."

3. On March 13, 2008, the Government provided additional discovery in the form of the investigative case file from the June 6, 2006 special court martial of Mr. McWhorter while he was enlisted in the United States Marine Corps.

4. In a discovery letter dated February 26, 2008, the Government states, in paragraph 4, its intention to "use at trial any and all prior convictions, crimes, wrongs or acts of Defendant for those uses permitted by Rules 404(b) and 609, Fed. R. Evid., and as otherwise allowed by law. At that time, the Government did not indicate that it intended to use Mr. McWhorter's special court martial conviction.

5. However, a review of the U.S. Naval Criminal Investigative Service Report of Investigation dated January 23, 2008, reveals in paragraph 5 that the contents of the special court martial investigative case file were disclosed to Corporal Kristen C. Bentley of the Montgomery Police Department. Mr. McWhorter believes that Corporal Bentley will be a witness for the government in the trial of this matter.

6. Therefore, the defendant moves *in limine* at this time for an order prohibiting the introduction of testimony concerning Mr. McWhorter's special court martial. Under Fed. R. Evid. 401 and 402, the evidence is irrelevant, and therefore, inadmissible. There would be no reason to introduce any such evidence or testimony other than to inflame the jury against Mr. McWhorter. Such evidence or testimony would be wholly irrelevant, and even if an allegedly relevant reason could be offered to introduce such evidence, the prejudicial nature of the evidence or testimony would substantially outweigh any probative value which might exist. Further, even if relevant, any probative value of such evidence would be outweighed by the danger of unfair prejudice, confusion of the issues and the danger or misleading the jury and causing undue delay and waste of time. Therefore, pursuant to Fed. R. Evid. 403, the evidence or testimony regarding the nature of the underlying acts of Mr. McWhorter's Special Court Martial should be excluded.

7. Furthermore, it is unlikely that Mr. McWhorter's court martial conviction would meet the standard established for this circuit. *See United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978).

In *United States v. San Martin*, 505 F.2d 918, 922-23 (5th Cir. 1974), the former Fifth Circuit cautioned that

> prior crimes requiring only general intent are of meager, if any, probative value concerning the later existence of specific intent . . . prior crimes involving deliberate and carefully premeditated intent–such as fraud and forgery–are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent.

*See also United States v. Church*, 955 F.2d 688, 702-3 (11th Cir. 1992) (*citing San Martin*). The Eleventh Circuit has held extrinsic acts to be highly probative only "if the extrinsic acts require the same intent as the charged offenses and if these acts are proximate in time to the charged offenses." *United States v. Beale*, 921 F.2d 1412, 1427 (11th Cir. 1991). Mr. McWhorter's special court martial conviction did not require the specific intent required under 18 U.S.C. § 924(c)(1)(A)(i) or 21 U.S.C. 841(a)(1). Irrelevant and/or prejudicial evidence is not admissible at trial. Fed. R. Evid. 401, 402 and 403. The probative value of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury, and it should be excluded pursuant to Federal Rules of Evidence 401, 402, and 403.

WHEREFORE, for the foregoing reasons, this Court should grant the motion in *limine* and issue an Order prohibiting the government from mentioning in opening statement, or closing argument, and refrain from offering into evidence or soliciting any testimony from any witness regarding Mr. McWhorter's Special Court Martial.

Dated this 21st day of July, 2008.

                Respectfully submitted,

                s/ Michael J. Petersen
                MICHAEL J. PETERSEN
                Assistant Federal Defender
                201 Monroe Street, Suite 407
                Montgomery, Alabama 36104

Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: michael_petersen@fd.org
ASB-5072-E48M

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CASE NO: 2:08-CR-0006-MEF** |
| | ) | |
| **JEREMY C. MCWHORTER** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Matthew Shepherd, Esq., Assistant U.S. Attorney, 131 Clayton Street, Montgomery, AL 36101.

Respectfully submitted,

s/ Michael J. Petersen
MICHAEL J. PETERSEN
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: michael_petersen@fd.org
ASB-5072-E48M