## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 2:08-CR-0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

### MOTION TO DISMISS INDICTMENT OR IN THE
### ALTERNATIVE TO EXCLUDE EVIDENCE

**COMES NOW** the defendant, **JEREMY C. MCWHORTER**, by and through undersigned counsel, Michael J. Petersen, and respectfully requests this Court dismiss the indictment in the instant matter or in the alternative, exclude evidence. For reason, Mr. McWhorter would submit the following:

### RELEVANT FACTS AND PROCEDURAL HISTORY

1. On April 1, 2008, at an evidentiary hearing on Mr. McWhorter's Motion to Suppress, (Doc #12), during direct examination, Montgomery Police Officer A.R. Kestle, Badge #1659, testified that he was on patrol on May 2, 2007 (T6-3-5) and responded to a domestic disturbance call at about 1700 hours. (T10-19-22).

2. As a result of information gathered during this interview, Officer Kestle returned to his vehicle, activated his emergency lights and stopped the vehicle driven by Jeremy C. McWhorter. Activation of the patrol car's emergency lights normally automatically starts an audio and video recording equipment (A/V package) installed in the vehicle. As part of this A/V package a microphone attached to the officer begins to record dialogue between the

officer and other individuals he speaks to. The only way for the A/V package to be non-operational is for it to be manually turned off after the emergency lights are activated.

3. However, Officer Kestle testified that his A/V package was broken and not working that day, and that "[b]asically, it had not been working for probably a month. They had to order me a new VCR, and the part wasn't in, so I didn't have any video." T37-7-12. As a result, no video tape was produced and provided to the defense by the government during discovery proceedings.

4. Officer Kestle went on to testify that Mr. McWhorter consented to the search that ultimately led to the seizure of firearms and marijuana within the vehicle. (T14-24-25 - T15-1-3).

5. Because there was not evidence contradicting or impeaching Officer Kestle's material representations regarding the consent to search, the Court found Mr. McWhorter consented to the search which ultimately led to the seizure of contraband. (Docket #24).

6. As a result of Mr. McWhorter's *Ex parte Subpoena*, (Docket #34) the defense has discovered:

   a. the maintenance log of Officer Kestle's assigned patrol vehicle indicates that the A/V package installed in Officer Kestle's patrol vehicle was repaired on April 25, 2007, and after testing, was found to work "to specification." (Exhibit 1);

   b. after the A/V package was repaired, Officer Kestle signed for his patrol car and the repaired A/V package on May 2, 2007 at approximately 1449 hours, more than two hours before he encountered Mr. McWhorter. (Exhibit 2);

   c. the A/V package was operational during the stop of Mr. McWhorter; and

   d. no videotape was provided to the defense during discovery.

7. This information shows that, at best, Officer Kestle failed to preserve critical evidence regarding the stop and search and at worst, either tampered with evidence or deliberately misled the court regarding a material fact(s) and *Brady* information.

8. As a result of this government misconduct, the defense respectfully requests this case be dismissed or, in the alternative, all evidence seized and statements made during and subsequent to of the stop be excluded.

## ARGUMENT

9. Two business days before trial and only as a result of a defense subpoena, the defense received information which demonstrates the government has engaged in misconduct. Specifically, the defense has learned: (a) the government was in possession of repair logs which clearly show that Officer Kestle materially misrepresented the status of his A/V package at the time the search was conducted; (b) Officer Kestle either failed to preserve the video and audio evidence or intentionally disabled the A/V package at the time of the search; and/or (c) the government may be in possession of a videotape which was discoverable under the Standing Order of Criminal Discovery and Fed.R.Crim.P. 16.[1]

10. Pursuant to this Court Standing Order on Criminal Discovery and the Federal Rules of Criminal Procedure, a prosecutor has a duty to provide a defendant with all tangible objects including videotapes and photographs (*See* Fed. R. Crim. P. 16(E)) and requires the government to provide the defense with any oral or recorded statements of the defendant.

---

[1] It is undersigned counsel's belief that government counsel was unaware of the existence of the documents concerning repairs to the A/V package and the potential video tape. However, the government's agent, Officer Kestle was aware of these documents. Government counsel's good faith does not excuse or justify the officer's misconduct.

(*See* Fed. R. Crim. P. 16(A) and 16(B). Additionally, pursuant the Standing Order and *Brady*, the government is required to provide the defense with all evidence in the state's possession materially favorable to the defendant's defense. *See Standing Order on Criminal Discovery* CR. Misc. #534 (M.D. AL 1999), *Kyles v. Whitley*, 514 U.S. 419 (1995) and *Brady v. Maryland*, 373 U.S. 83 (1963).

11. The Standing Order on Criminal Discovery further mandates the defense is not required to make a specific request for these materials and the government is required after arraignment to deliver to defense counsel all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, without regard to materiality, within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963).

12. Since May 2, 2007, the government has been in possession of documents showing that the A/V package in Officer Kestle vehicle was repaired and was functioning properly. Therefore, when the emergency lights were activated in his vehicle, a videotape discoverable under Fed.R.Crim.P. 16 was produced. Pursuant to the Order on Arraignment, this information should have been produced on or before February 27, 2008. This information has yet to be provided to the defense. This failure to comply with this Court's discovery order has violated Mr. McWhorter's right to have adequately prepared counsel and has violated Mr. McWhorter's right to a fair trial. Subsequently, dismissal of this case is warranted.

13. If this tape does not exist, pursuant to the Standing Order on Criminal Discovery and *Brady*, the government was required to provide the defense with the repair logs for the A/V package. As outlined *supra*, at best Officer Kestle failed to preserve critical evidence regarding the

stop and search and at worst either tampered with evidence or deliberately misled the court regarding a material fact(s) and *Brady* information. But what is clear is that the A/V repair logs are documents necessary to impeach the credibility and were required to be produced by the government. The government's failure to comply with this Court's discovery order and its *Brady* obligations further warrants dismissal of this case.

14. Federal Rule of Criminal Procedure 16(d) addresses the issue of a party's failure to comply with a discovery request. It says, in pertinent part, that "[i]f a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection, . . . or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). The court sanction, in certain circumstances, may take the form of an Order of Dismissal. *United States v. White*, 846 F.2d 678 (11th Cir.1998). Furthermore, the district court's decision concerning the imposition of a Rule 16(d)(2) sanction is a matter committed to the court's sound discretion, and will not be disturbed on appeal absence an abuse of discretion. *United States v. Fernandez*, 780 F.2d 1573, 1576 (11th Cir. 1986).

15. A discovery violation under Fed. R. Crim. P. 16 or a standing discovery order is reversible error only when it violates a defendant's substantial rights. *United States v. Chastain*, 198 F.3d 1338 (11th Cir. 1999). Inadvertence does not render a discovery violation harmless; sanctions imposed as the result of a Rule 16 violation are designed to protect a defendant's right to a fair trial, not to punish the government's non-compliance. *United States v. Noe*, 821 F.2d 604 (11th Cir. 1987).

16. In formulating the appropriate sanction against the Government for discovery violations, the court must look at: (1) the circumstances surrounding the discovery violation, (2) whether

       the Government was acting in good faith, (3) the prejudice suffered by the defendant and (4) the feasibility of curing the prejudice through some form of sanction. *United States v. Turner,* 871 F.2d 1574, 1580. (11th Cir. 1989). After reviewing these factors the court may order dismissal of the indictment if it deems the circumstances warrant it. *United States v. White*, 846 F.2d 678, 693 (11th Cir.1998).

17.    The materials that were obtained from the Montgomery Police Department at the 11th hour in this case have been within the possession, custody or control of the Government for more than one year. Because undersigned counsel did not receive the materials in a timely manner, he cannot (1) effectively represent and communicate with his client, (2) perform his duty as an officer of the court, (3) adequately prepare for trial and formulate case strategy.[2] The Government without justification withheld this evidence. Prejudice to Mr. McWhorter's right to a fair trial and due process has ensued, because counsel cannot prepare a defense strategy and adequately advise client of evidence against him.

## CONCLUSION

      The Government has made the decision to pursue criminal charges against Mr. McWhorter. It is, therefore, their burden and their responsibility to comply with the rules and law that govern their prosecution. The failure to provide defense counsel with records contradicting Officer's Kestle's suppression hearing testimony has unconstitutionally restricted his due process rights and his right to a fair trial. Therefore, dismissal of the indictment is the appropriate sanction in this case. In the alternative, the defense asks that any evidence seized during the search of Mr. McWhorter's

---

[2]    Had this information been timely provided, this case might not have proceeded to trial in the first place.

car or statements made during or subsequent to the search be excluded.

    Dated this 24th day of July 2008.

                                              Respectfully submitted,

                                              s/ Michael J. Petersen
                                              MICHAEL J. PETERSEN
                                              Assistant Federal Defender
                                              201 Monroe Street, Suite 407
                                              Montgomery, Alabama 36104
                                              Phone: (334) 834-2099
                                              Fax: (334) 834-0353
                                              E-mail: michael_petersen@fd.org
                                              ASB-5072-E48M

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 2:08-CR-0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Matthew Shepherd, Esq., Assistant U.S. Attorney, 131 Clayton Street, Montgomery, AL 36101.

Respectfully submitted,

s/ Michael J. Petersen
MICHAEL J. PETERSEN
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: michael_petersen@fd.org
ASB-5072-E48M

```
                CITY OF MONTGOMERY - SERVICE TICKET ENTRY
                         SERVICE CALL TICKET
Date:04/25/2007                 # 103500          COMPLETED
Time:19:09:26            JOB#:103500              Tech:27
Priority:9                                        ROBERT WELCH
Need Date:04/25/2007                              Assigned:04/25/2007
Job#:103500     Ref:                       Loc:SHOP
------- EQUIPMENT INFORMATION --------     ------- SHIP TO INFORMATION -------
R/S no   :VCR0059                          Acct:006210
Part/Model:OTHER                           POLICE DEPARTMENT
Location:3221                              103 N. PERRY ST.
   Status:IN USE IN FIELD                  MONTGOMERY, AL 36104-1111
Contract #:
Coverage:NO CONTRACT - T&M Billing         Phone:  334-241-2708
Last Service On:07/24/2006
Parts Exp:              Labor Exp:                Date Purc:02/06/2004
```

```
------- USER DEFINED INFORMATION -----------------------
: MOBILE VISION              : MOBILE VIDEO              : SYSTEM 7 W/OVERHEAD
:: MV-7-2                    : 106384
------- PROBLEM INFORMATION -----------------------------
04/25/2007 INSTALLED LISTED REPLACEMENT COMPONENTS, CLEANED UP SPILL
RESIDUE FROM INSIDE DOCKING STATION, REINSTALLED DOCKING STATION,
TESTED UNIT IT WORKS TO SPECIFICATION.  FOUND THAT THE AUDIO TXMR
PACK WITHTHE VEHICLE WAS THE WRONG ONE IT ACTUALLY GOES TO 6210-3213,
PUT THE SHOP SPARE IN THE VEHICLE AND LEFT A MEMO NOTIFYING THE CAR'S
OFFICER OF THE PROBLEM, WILL NOTIFY THE SUPERVISOR. RLW#027
------- EQUIPMENT SERVICE HISTORY -----------------------
Ticket #:103548  Date:05/02/2007  closed
    5-2-07
Ticket #:103501  Date:04/25/2007  closed
    04/25/2007 INSTALLED LISTED REPLACEMENT PARTS ON TXMR PACK TESTED UNIT
------- STATUS CHANGES ---------------------------------
04/25/07    INITIAL INSPECTION
04/25/07    COMPLETED
------- SERVICE CALL DETAIL ----------------------------          Price    Ext.Price
Type     Number       Wh/Hse Serial      Qty  Description
====     ======       ====== ======      ===  ===========================    =====    =====
                                                                              1.50     6.00
Parts    MV-VLP-CS    RS160                4  CONTACT PIN VLP-BASE
                                                                              2.50     5.00
Parts    V-VLP-DS-CLIP RS160               2  DOCKIN STATION TRANSMITTER RETAINING CLI
                                                                               .00      .00
Labor    27                             1:00  REPAIR/REINSTALL/TEST/DOCUMENT
                                                                             25.00    25.00
Parts    MV-VLP-LPH   RS160                1  MIC LAPEL 40" HEAVY DUTY
                                                                               .00      .00
Labor    28                             0:30  ENGINEER LABOR
                                                                                      =====
                                                                                      36.00
```

Customer Signature:_____   Date:_____

Received By:_____   Date:_____

EXHIBIT 1

## Morgan, Jenefer

| | |
|---|---|
| From: | Welch, Robert |
| Sent: | Wednesday, April 25, 2007 7:18 PM |
| To: | Communications Radio Shop Staff |
| Subject: | 6210-3221 |
| Attachments: | VCR 0059 62103221 25APR2007.doc |

6210-3221 HAS HAD THE VIDEO SYSTEM REPAIRED, THE CRI TICKET # IS 103500, PLEASE ADD YOUR LABOR CHARGES AND ANY PARTS YOU MAY HAVE INSTALLED TO COMPLETE THE TICKET. THE VEHICLE HAD THE TRANSMITTER PACK FOR VCR0050 VE 6210-3213 IN IT INSTEADS OF ITS OWN, I PLACED THE RADIO SHOP SPARE IN THE VEHICLE AND KEPT THE TXMR PACK FOR 3213 HERE, BOTH 3221 AND 3213 ARE 2ND SHIFT PATROL CARS I PLACED A MEMO IN THE CAR TELLING ITS ASSIGNED OFFICER THE SITUATION, I'LL ALSO SEND AN EMAIL TO THE PATROL DIVISION. VEHICLE IS OUT FRONT WITH THE KEYS LOCKED IN IT.
RLW

5/9/2007

```
                CITY OF MONTGOMERY - SERVICE TICKET ENTRY
                           SERVICE CALL TICKET
                                # 103548           COMPLETED
Date:05/02/2007                                    Tech:83
Time:14:49:02               JOB#:103548            SONY JOESPH
Priority:9                                         Assigned:05/02/2007
Need Date:05/02/2007                     Loc:SHOP
Job#:103548    Ref:                      ------- SHIP TO INFORMATION -------
------- EQUIPMENT INFORMATION --------   Acct:006210
R/S no    :VCR0059                       POLICE DEPARTMENT
Part/Model:OTHER                         103 N. PERRY ST.
Location:3221                            MONTGOMERY, AL 36104-1111
   Status:IN USE IN FIELD
Contract #:                              Phone:  334-241-2708
Coverage:NO CONTRACT - T&M Billing
Last Service On:04/25/2007                        Date Purc:02/06/2004
Parts Exp:              Labor Exp:
```

```
------- USER DEFINED INFORMATION -------------------------------
: MOBILE VISION             : MOBILE VIDEO              : SYSTEM 7 W/OVERHEAD
:: MV-7-2                   : 106384
------- PROBLEM INFORMATION ------------------------------------
5-2-07
ADDED EXTERNAL SHORT MIC FOR VCR0059 VOICE LINK PLUS MICROPHONE.
SJ#083
------- EQUIPMENT SERVICE HISTORY ------------------------------
Ticket #:103501  Date:04/25/2007
     04/25/2007 INSTALLED LISTED REPLACEMENT PARTS ON TXMR PACK TESTED UNIT
------- STATUS CHANGES -----------------------------------------
05/02/07    INITIAL INSPECTION
05/02/07    ADDED MICROPHONE FOR VOICE LINK PLUS  MIC.
------- SERVICE CALL DETAIL ------------------------------   Price     Ext.Price
Type     Number       Wh/Hse Serial      Qty  Description
====     ======       ====== ======      ===  =============================   =======   ========
Parts    MV-VLP-LPH-9 RS160               1   MIC LAPEL HEAVY DUTY 9" LONG    25.00     25.00
Labor    83                              0:30 TROUBLE SHOOT AND REPAIR;        .00       .00
                                                                                       ========
                                                                                         25.00
```

Customer Signature: _A.R.Kent 165a_____  Date: _5/02/07_

Received By: _____    Date: _____

**EXHIBIT 2**