IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:08CR0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

### GOVERNMENT'S RESPONSE TO MOTION IN LIMINE TO EXCLUDE ALLEGATIONS THE DEFENDANT MAY HAVE BEEN INVOLVED IN A SHOOTING

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits this response to the Defendant's Motion in Limine to Exclude Allegations the Defendant May Have Been Involved in a Shooting. The United States opposes the Defendant's Motion in part, and requests that the Court grant the motion only as to testimony regarding the Defendant's possible involvement in a shooting on May 1, 2007. In support of this response, the United States avers the following:

**FACTS**

On May 2, 2007, Corporal A. R. Kestle of the Montgomery Police Department responded to a call regarding a domestic disturbance at the residence of Katorie Stinson. When Corporal Kestle responded, Ms. Stinson told him that her ex-boyfriend, Jeremy McWhorter, had threatened her after they had an argument regarding an incident that had occurred the day before, on May 1, 2007. Ms. Stinson informed Corporal Kestle that the incident that occurred on May 1, 2007, was a shooting that Jeremy McWhorter had been involved in. Ms. Stinson did not tell the officer that McWhorter had actually shot anyone, just that he had been involved in the shooting. Ms. Stinson also described McWhorter and his car to Corporal Kestle, and informed Corporal Kestle that she had knowledge that McWhorter kept assault rifles in his vehicle. While Corporal Kestle was standing there, Ms.

Stinson identified McWhorter driving by. At that point, Corporal Kestle returned to his patrol car and initiated an investigatory traffic stop on McWhorter. During the course of the traffic stop, McWhorter's vehicle was searched. During the search, officers located the marijuana and firearms which led to the pending charges. The Defendant challenged the stop and search of his vehicle and moved to exclude all evidence found in the vehicle. After an evidentiary hearing, the Court denied the Defendant's Motion to Suppress.

## ANALYSIS

**1. The United States does not oppose the exclusion of evidence regarding the defendant's "involvement" in a shooting on May, 2007.**

The United States does not intend to elicit testimony regarding the Defendant's possible involvement in a shooting on May 1, 2007, the day before the charged offenses occurred. Therefore, the United States does not oppose the exclusion of such evidence at trial.

**2. The United States should be permitted to introduce evidence at trial regarding the domestic disturbance Corporal Kestle responded to that led to his stop of the Defendant.**

Although the United States does not intend to elicit testimony regarding the Defendant's involvement in a shooting on May 1, 2007, the United States does intend to introduce evidence regarding the information Corporal Kestle received, which formed the basis of his investigatory traffic stop, and Ms. Stinson's knowledge that the Defendant kept assault rifles in his car. The United States intends to introduce this evidence through the testimony of Corporal Kestle and Ms. Stinson.

Evidence is relevant and admissible, even regarding uncharged misconduct, when the evidence relates to events that are a part of the same series of events that form the context of the criminal charges. As the Eleventh Circuit Court of Appeals has explained: "Evidence not part of the

crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998)(quoting United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985)). Evidence is also not extrinsic and prohibited pursuant to Rule 404(b) of the Federal Rules of Evidence when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." McLean, 138 F.3d at 1403 (quoting United States v. Ramsdale, 61 F.3d 825, 829 (11th Cir. 1995).

Corporal Kestle's traffic stop of the Defendant in this case did not take place in a vacuum. The events at Ms. Stinson's apartment in which she informed Corporal Kestle that the Defendant had threatened her, that she knew him to have assault rifles in his car, and provided the description of his car, formed the basis of Corporal Kestle's decision to conduct a traffic stop when the Defendant was seen driving past. These events occurred immediately before Corporal Kestle conducted the traffic stop. Without that information, the jury is presented with an incomplete picture of events. Also, Ms. Stinson's knowledge of the Defendant's possession of assault rifles immediately before the Defendant was found with the assault rifles is directly relevant to the charged possession of assault rifles by the Defendant and to his knowledge of the firearms found in his vehicle. The events at Ms. Stinson's apartment are thus inextricably intertwined with the traffic stop that resulted in the present charges.

In United States v. Wright, 392 F.3d 1269 (11th Cir. 2004), the Eleventh Circuit considered

a similar situation. In that case, a police officer located a firearm when conducting a search of the defendant's car after arresting him during a traffic stop. The defendant was charged with being a felon in possession of a firearm. Prior to locating the firearm, the defendant was seen speeding and weaving through traffic, failed a field sobriety test after being stopped, resisted arrest for driving intoxicated, and struggled physically with the police officer. Id. at 1271. The Court of Appeals found that all of these uncharged events that occurred prior to the discovery of the firearm were admissible because they were "inextricably intertwined" with the charged offense. Id. at 1276. The Court further explained:

> Here the possession of the firearm did not encompass the resisting arrest or battery counts, nor did it involve the charge of driving under the influence. Nonetheless, evidence of those events contributed to the understanding of the situation as a whole. The erratic driving led Officer Knox to stop Wright. Knox's assessment of Wright's intoxication gave him cause to arrest Wright. The series of events culminated in Wright's violent struggle with Knox, and ultimately the discovery of the firearm. If the jury had merely heard evidence of the last event–the discovery of the firearm–the jury would be relegated to its own, and possibly incorrect, assumptions about the events prior to officers finding the weapon. The probative value of this evidence is demonstrated by the need to put a cohesive sequence of the crime before the jury.

Id. at 1276-1277.

This case presents a similar scenario in that the uncharged events provide the context in which the stop was conducted. Without evidence of those events, the jury will be left to guess at why Corporal Kestle stopped the Defendant's car and left to speculate as to why Corporal Kestle and the other officers at the scene acted as they did. Simply starting the narrative of the case at the search of the car that led to the discovery of the firearms and narcotics would leave a gap in the chain of events that forms the charged offense.

Such evidence does not violate Rule 403, as its probative value is not substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403. Although possibly unfavorable or prejudicial to the defendant, that does not decide the question. "The nature of the government's evidence against a defendant is meant to be prejudicial, for if all evidence were favorable, there would be no trial." Wright, 392 F.3d at 1276. The standard is whether the danger of unfair prejudice substantially outweighs its probative value. See Fed. R. of Evid. 403. This evidence will simply place the events in context. Since the firearms and narcotics were actually found in the Defendant's vehicle, it is unlikely that admission of evidence of the domestic disturbance would result in a conviction based on any unfair prejudice associated with the defendant being involved in a domestic disturbance. Further, any prejudice related to Ms. Stinson's knowledge of the Defendant's possession of assault rifles in his car is also not unfair because it relates directly to one of the charges in this case, which is the Defendant's possession of three assault rifles found in his car.

Because the evidence is inextricably intertwined with the charged conduct, evidence of the domestic disturbance and Ms. Stinson's knowledge of the Defendant's possession of assault rifles in his car should be admitted at trial.

WHEREFORE, the United States does not oppose the Defendant's motion as it relates to evidence of the Defendant's involvement in a shooting on May 1, 2007, but the United States does oppose the Defendant's motion as it relates to testimony regarding the Defendant's involvement in a domestic disturbance and Katorie Stinson's knowledge of his possession of assault rifles on May 2, 2007.

Respectfully submitted this 25$^h$ day of July, 2008.

                                        LEURA G. CANARY
                                      UNITED STATES ATTORNEY

                                      /s/ Matthew W. Shepherd
                                      MATTHEW W. SHEPHERD
                                      Assistant United States Attorney
                                      131 Clayton Street
                                      Montgomery, Alabama 36104
                                      (334) 223-7280
                                      (334) 223-7135 Fax
                                      matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:08CR0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Michael Petersen, Esq., attorney for the defendant Jeremy C. McWhorter.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Matthew W. Shepherd
    MATTHEW W. SHEPHERD
    Assistant United States Attorney
    131 Clayton Street
    Montgomery, Alabama 36104
    (334) 223-7280
    (334) 223-7135 Fax
    matthew.shepherd@usdoj.gov