IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:08CR0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

GOVERNMENT'S RESPONSE TO MOTION TO DISMISS INDICTMENT OR IN THE
ALTERNATIVE EXCLUDE EVIDENCE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits this response in opposition to the Defendant's Motion to Dismiss Indictment or in the Alternative Exclude Evidence. The United States respectfully requests that the defendant's motion be denied. In support, the United States submits the following:

**FACTS**

After responding to the scene of a domestic disturbance call, Corporal Anthony Kestle of the Montgomery Police Department conducted an investigatory traffic stop on the vehicle driven by the defendant on May 2, 2007. During the course of this stop, the defendant consented to a search of the passenger compartment of the vehicle. After a backpack was found with a box of baggies, 2-way radios, and marijuana residue in it, Corporal Kestle requested consent to search the trunk. When the defendant refused consent to search the trunk, Corporal Kestle summoned a drug sniffing canine. After the canine sniffed the outside of the vehicle and alerted, officers searched the trunk. In the trunk, officers found three assault rifles and a backpack with marijuana in it, that led to the pending charges.

The defendant filed a Motion to Suppress all evidence found in the vehicle during the traffic

stop. Corporal Kestle testified at that hearing. During the hearing, he was asked if his police car had a video and audio recording system. Corporal Kestle responded that at the time of the stop his video and audio system had not been working for about a month prior to the stop. See Supp. Hrg. Tr. at 37. After the evidentiary hearing, the Magistrate issued a Report and Recommendation recommending that the Motion to Suppress be denied. The Court adopted the Report and Recommendation and denied the Motion to Suppress.

## ARGUMENT

The defendant argues that the United States has violated its discovery obligations pursuant to Federal Rule of Criminal Procedure 16 and this Court's Standing Order on Criminal Discovery and that it has violated the defendant's due process rights by failing to turn over exculpatory materials pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The defendant argues that the material the government failed to turn over is a video tape of the traffic stop that the defendant asserts exists and service records for the video recording system in Corporal Kestle's patrol car. As a remedy for these alleged violations, the defendant requests the Court either dismiss the indictment, or exclude all evidence seized during the traffic stop. Either remedy would result in dismissal since excluding the evidence would deprive the government of all evidence supporting the pending charges. The United States opposes this motion and asserts that no discovery violation has occurred under either the Rule 16 or Brady. In the alternative, even if a discovery violation has occurred, neither dismissal nor exclusion of evidence is warranted to remedy the violation.

*1. The United States is not aware of the existence of a video tape of the traffic stop of the defendant; therefore, the United States cannot provide a video to the defendant..*

Apparently, the defendant received a response to a subpoena of the Montgomery Police

2

Department for service records for Corporal Kestle's video recording system in his patrol car. These records show that the system was serviced on April 25, 2007, and again on May 2, 2007. The May 2, 2007, service record shows that Corporal Kestle signed for the video system from the service shop on May 2, 2007, approximately two hours before his traffic stop of the defendant. The April 25, 2007, service record includes a statement that the system was tested and was operational. The defendant further claims that the video recording system was set up to automatically turn on whenever the vehicle's emergency lights were activated. The defendant then claims that because of these service calls and the automatic nature of the system, there must be a video of the traffic stop which the government has not turned over to the defense.

The government has not turned over a video of the traffic stop because it is not aware that one exists. Corporal Kestle has consistently maintained that there never was a video tape and that his system was not operating at the time of the stop. The government's case agent has attempted to find a video or audio tape of the traffic stop at the Montgomery Police Department and has not been able to find one. Because all video or audio tapes which contain evidence in cases are supposed to be impounded as evidence, the case agent has checked with the property impound custodian, who has reported no record of a video or audio tape from this stop being impounded. No reports prepared by any officers in the case have referenced the existence of a video or audio tape. The undersigned has contacted the Montgomery County District Attorney's Office and spoked to the Deputy District Attorney assigned to the state prosecution of the defendant in this case, who has stated that he knows of no video or audio tape in existence. There is no evidence that a video or audio tape from this traffic stop actually exists. The defendant's claim of a discovery or Brady violation is based entirely on defendant's speculation that one exists..

3

The video service records do not prove that a video exists. Even if a service record shows that a system was worked on and functions in the repair shop, that does not mean that the system was then immediately operational in the field. The service record also does not show if the officer remembered to actually turn it on when he went on duty or if he had a video tape to use in the system. There is no legal requirement that police officers make video tapes of traffic stops. The government cannot provide a video or audio tape to the defendant that does not exist and the defendant has not proven that one actually does exist. If a video existed, the United States would have obtained it and turned it over to the defendant. Because the United States has no knowledge of the existence of a video, there has been no discovery violation for failing to turn over a video.

***2. The United States has not violated its Brady or other discovery obligations regarding the video system service records..***

The defendant further argues that even if there is no video to be turned over, the government has committed a discovery and Brady violation by failing to turn over to the defense the service records that allegedly show Corporal Kestle's video recording system was in working order. The defendant argues that these records prove that Corporal Kestle must have deliberately destroyed evidence or lied to the Court during his suppression hearing testimony. The defendant alleges that the government was in possession of these service records and should have provided them to the defense.

The Government has not violated the duty to turn over exculpatory information pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Brady requires four factors to be satisfied for there to be a violation of due process: "(1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained the evidence with reasonable

4

diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different." United States v. Simms, 385 F.3d 1347, 1357 (11th Cir. 2004).

The defendant's alleged discovery violation does not meet these requirements. As an initial matter, even if the United States did suppress favorable material information, there is no Brady violation "if either the defendant or his attorney knows before trial of the allegedly exculpatory information." Felker v. Thomas, 52 F.3d 907, 910 (11th Cir. 1995) *aff'med on rehrng* 62 F.3d 342 (11th Cir. 1995). "Our case law is clear that '[w]here defendants, prior to trial, had within their knowledge the information by which they could have ascertained the alleged Brady material, there is no suppression by the government." Maharaj v. Secretary for Department of Corrections, 432 F.3d 1292, 1315 (11th Cir. 2005)(quoting United States v. Griggs, 713 F.2d 672, 674 (11th Cir. 1983). The defendant has the records he claims were withheld. He also clearly had the knowledge and ability to find the material through the exercise of due diligence, since he has obtained them. Therefore, there is no Brady violation.

There has also been no prejudice to the defendant despite not receiving these records until shortly before trial. "Delayed disclosure may be grounds for reversal, 'but only if the defendant can show prejudice, e.g., the material came so late that it could not be effectively used.'" United States v. Bueno-Sierra, 99 F.3d 375, 379 (11th Cir. 1996) (quoting United States v. Beale, 921 F.2d 1412 (11th Cir. 1991). Even disclosure of Brady material after trial has started is not automatically so late that a defendant is prejudiced. See United States v. Knight, 867 F.2d 1285, 1289 (11th Cir. 1989) ("Appellants received the information during the trial and have failed to demonstrate that disclosure came so late that it could not be effectively used; and thus they cannot show prejudice."). In this

case, the defendant has received the video records prior to trial with at least four days to prepare for his cross-examination of Corporal Kestle. He has not shown why he needs additional time to prepare for trial using this material and why he does not have time to effectively prepare for cross-examination of Corporal Kestle. The defendant has not shown that he has been prejudiced.[1]

Because the defendant has the information he alleges was withheld and has the information in sufficient time to prepare for trial, there has been no Brady violation and the defendant has not been prejudiced.

Further, the government has not violated its other discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and this Court's Standing Order on Criminal Discovery, dated February 4, 1999. Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the disclosure of or access to documents within the government's control when the items are material to the defendant's defense, are to be used in the government's case in chief at trial, or were obtained from the defendant. Fed. R. Crim. Pro. 16; see United States v. Jordan, 316 F.3d 1215, 1250 (11th Cir. 2003). The Court's Standing Order on Criminal Discovery requires disclosure of materials covered by Rule 16(a) at arraignment.

The government does not intend to use the service records at trial and they were not taken from the defendant. Thus, they are only discoverable if they are within the control of the government and they are material to the defendant's defense. The defendant must make a discovery

---

[1] The defendant does refer to the suppression hearing in this case in his motion and that the magistrate judge made a finding that the defendant consented to a wingspan search of his vehicle, which a video might have been relevant to. However, the magistrate judge also found that probable cause existed to stop and search the vehicle based on the information provided by Ms. Stinson to Corporal Kestle, which was information unrelated to the issue of consent to conduct a wingspan search.

request identifying how an item is material to the preparation of his defense that specifically states how the item is material. See Jordan, 316 F.3d at 1250-1251.

In this case, the materiality to the defendant's defense of the service records for the video system were not readily apparent to the government. The defendant never made any request for the service records and the United States had no reason to question or research Corporal Kestle's statement that his video system was not operational on May 2, 2007. The United States has found no evidence that a video existed so there was no reason to question Corporal Kestle's statement that the video system was not working. The government cannot be expected to know the defendant's strategy. What the defendant considers material might not be obvious to the government. If the defendant believes documents are in the possession of the government and are material to the preparation of his defense, he must file a request identifying the documents he needs. Without such a request, the government cannot possibly provide every item the defendant deems material.

In this case, Corporal Kestle testified regarding his video system on April 1, 2008. The defendant had almost four months until trial in which to request the video system service records from the government. Yet the defendant made no such request. The Court's Standing Order on Criminal Discovery requires parties to contact opposing counsel before filing a discovery motion, yet the defendant made no such contact prior to filing this motion. The defendant did not raise this issue at any pretrial conferences, but indicated to the Court at all pretrial conferences that discovery was complete. The intent of the discovery rules is to ensure that the defendant receives the materials he needs to prepare a defense and have a fair trial. The rules are not intended to create an opportunity for the defendant to create a basis for a motion to dismiss by failing to make any effort to obtain documents deemed material from the government.

The defendant had sufficient time in which to request the video service records and failed to do so. The United States had no basis for knowing their materiality to the defense absent a specific request from the defendant. Failing to obtain and turn over the video service records was not a violation of any discovery obligation by the United States.

***3. Even if the Court were to find a discovery violation, the proper remedy is not dismissal or exclusion of the evidence.***

If there has been a violation, the Court may fashion an appropriate remedy for the violation. The purpose of a remedy for a discovery violation is not to punish the government but to protect the defendant's right to a fair trial. United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987). The Court should consider the "how the violation affected the defendant's ability to present a defense." Id. The remedy chosen should be the least severe sufficient to ensure compliance with discovery rules. United States v. Turner, 871 F.2d 1574, 1580 (11th Cir. 1989). Dismissal of a case for prosecutorial misconduct such as discovery violations "is an extreme sanction which should infrequently utilized." United States v. Jordan, 316 F.3d 1215, 1249, n.68 (11th Cir. 2003) (quoting United States v. Accetturo, 858 F.2d 679, 681 (1988)). When considering the remedy, the Court should consider several factors, including "reasons for the delay in complying with the discovery order, whether there was any bad faith on the part of the prosecution, prejudice to the defendant, and the availability of a means to cure the prejudice, including continuances and recesses." Turner, 871 F.2d at 1580.

In this case, there has been no indication that the government has acted in bad faith. The prejudice to the defendant has also been slight. The defendant has the records in hand and can use them at trial in his cross-examination of Corporal Kestle. Dismissal or exclusion of the evidence

seized during the traffic stop would be an extreme remedy in this case. Because the defendant has the records he requested and has time to use them at trial, no remedy is actually necessary in this case. However, if the Court deems some remedy necessary, a continuance of the trial would be the most appropriate remedy, allowing the defendant time to use the records to prepare for trial. See Turner, 871 F.3d at 1580 ("Finally, the trial court cured any prejudice to defendant by granting a recess to allow defense counsel to read the transcripts."); United States v. Bueno-Sierra, 99 F.3d 375, 379-380 (11th Cir. 1996) (prejudice from Brady violation cured when court granted recess and additional cross-examination of government witness).

    WHEREFORE, the United States requests the Court deny Defendant's Motion to Dismiss or in the Alternative to Exclude Evidence.

Respectfully submitted this 28th day of July, 2008.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /s/ Matthew W. Shepherd
                MATTHEW W. SHEPHERD
                Assistant United States Attorney
                131 Clayton Street
                Montgomery, Alabama 36104
                (334) 223-7280
                (334) 223-7135 Fax
                matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:08CR0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Michael Petersen, Esq., attorney for the defendant Jeremy C. McWhorter.

                                       Respectfully submitted,

                                       LEURA G. CANARY
                                       UNITED STATES ATTORNEY

                                       /s/ Matthew W. Shepherd
                                       MATTHEW W. SHEPHERD
                                       Assistant United States Attorney
                                       131 Clayton Street
                                       Montgomery, Alabama 36104
                                       (334) 223-7280
                                       (334) 223-7135 Fax
                                       matthew.shepherd@usdoj.gov