### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 2:08-CR-0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

## MOTION TO REOPEN SUPPRESSION HEARING

**COMES NOW** the defendant, **JEREMY C. MCWHORTER**, by and through undersigned counsel, Michael J. Petersen, and respectfully requests that this Court reopen the suppression hearing in this matter.

### INTRODUCTION

The suppression issue in this case was whether or not Mr. McWhorter gave consent to a search of his vehicle on May 2, 2007. There is no allegation that this was a search incident to an arrest or a search in support of officer safety. Rather, Officer Kestle testified that Mr. McWhorter consented to the search and that his patrol car, although outfitted with recording equipment, was unable on May 2, 2007 to make a recording of either the consent or the search of Mr. McWhorter's car. Mr. McWhorter contends that he did not consent to the search and that the recording equipment appeared to be working on May 2, 2007. Subsequent to the April 2008 suppression hearing, defense counsel has obtained evidence establishing that the recording equipment was in fact operational. Mr. McWhorter therefore requests that the suppression matter be re-opened. At this hearing, Mr. McWhorter will present evidence of the following:

### FACTS

1.    On April 1, 2008, at an evidentiary hearing on Mr. McWhorter's Motion to Suppress,

(Doc #12), Montgomery Police Officer A.R. Kestle, Badge #1659, testified that he was on patrol on May 2, 2007 (T6-3-5)[1] and responded to a domestic disturbance call at about 1700 hours. (T10-19-22). Officer Kestle was assigned that day as "Unit 218" and was driving patrol car #6210-3221.

2.      As a result of information gathered during his response to the call, Officer Kestle stopped the vehicle driven by Jeremy C. McWhorter. In doing so, Officer Kestle activated the emergency lights of his vehicle.

3.      Activation of the patrol car's emergency lights normally automatically starts an audio and video recording equipment (A/V package) installed in the vehicle. As part of this A/V package, a microphone attached to the officer begins to record dialogue between the officer and other individuals he speaks to. The only way for the A/V package to be non-operational is for it to be manually turned off after the emergency lights are activated.

4.      At the suppression hearing on April 1, 2008, Officer Kestle testified that his A/V package was broken and not working on May 2, 2007, and that "[b]asically, it had not been working for probably a month. They had to order me a new VCR, and the part wasn't in, so I didn't have any video." T37-7-12.

5.      Officer Kestle also testified at the April 2008 suppression hearing that Mr. McWhorter consented to the search that ultimately led to the seizure of firearms and marijuana within the vehicle. (T14-24-25 - T15-1-3).

6.      The Court found Mr. McWhorter consented to the search which ultimately led to the seizure of contraband. (Docket #24).

---

[1] "T" will refer to the transcript of the Suppression Hearing, while "Transcript" will refer to the transcript of the Motion Hearing held on July 28, 2008.

7. However, additional evidence establishes:

    a. The maintenance log of Officer Kestle's assigned patrol vehicle indicates that the A/V package installed in Officer Kestle's patrol vehicle was repaired on April 25, 2007, and after testing, was found to work "to specification."

    b. Officer Kestle signed for his patrol car and the repaired A/V package on May 2, 2007 at approximately 1449 hours, more than two hours before he encountered Mr. McWhorter.

    c. The A/V package was operational during the stop of Mr. McWhorter.

8. Thus, it appears that Officer Kestle materially misrepresented the status of his A/V package at the time the search was conducted.

9. Montgomery City Police Department Policy Number 1.552, issued 5/27/98, "Mobile Video Equipment Guidelines, states:

    a. Mobile Video Equipment will be used to record all traffic stops, all field interviews, and any dispatched call where contact is made with the public within the visual field of the camera;

    b. The equipment will be set up so that the camera is automatically activated when blue lights are turned on;

    c. Videotapes will only be removed by a supervisor;

    d. Videotapes will not be removed unless the tape has been completely used or it contains recorded evidence for use in court; and

    e. When the tape is full, videotapes will be removed by a supervisor and maintained for 30 days following removal and then delivered by a supervisor to the Radio Shop to be erased and reused.

    f. Videotapes to be used as evidence in court will be removed from the vehicle, reviewed by a supervisor, and then immediately impounded as physical evidence;

  10. An inter-office memorandum dated August 4, 2008, from the Montgomery City Police Department Sergeant C. Oliver to Captain G. D. Hicks establishes:

    a. No videotapes were located for MPD vehicles 6210-3221, 6210-3377, 6210-3216, and 6210-3214 for May 2, 2007 between 1400 and 2200 hours;

    b. No video/audio tapes were impounded;

    c. Corporal Kestle impounded assorted weapons and ammo under impound number 277472.

  11. Maintenance records for Officer Kestle's vehicle, 6210-3221, from the City Shops Department show:

    a. No maintenance was performed on the electrical system of vehicle 6210-3221 from January 1, 2007 until July 10, 2008;

    b. Although scheduled preventative maintenance was performed on May 14, 2007, there were no problems at that time with the electrical system.

    c. There are no records of an electrical system malfunction contemporaneous to the stop of May 2, 2007.

  12. On July 28, 2008, a hearing was held on the defense Motion to Dismiss Indictment or In the Alternative, Suppress Evidence. (Transcript dated July 28, 2008). At that hearing testimony established:

    a. Robert L. Welch, of the City of Montgomery Communications Electronics Repair Department tested the A/V package in Officer Kestle's vehicle on April 25, 2007 and

determined that both the audio and video recording capabilities were functioning properly; (Transcript at 55-56);

      b.    During Mr. Welch's work on the A/V package in Officer Kestle's vehicle, there were no apparent electrical problems; (Transcript at 64);

      c.    Officer Kestle received and signed for a lapel microphone on May 2, 2007; (Transcript at 46) ; and

      d.    Officer Anthony R. Kestle is aware that it is procedure to turn on the A/V package when he gets into the vehicle. (Transcript at 79).

13. As a result of the information presented above, this Court should grant the defendant's Motion to Reopen the Suppression Hearing.

**WHEREFORE**, based upon the preceding, Mr. McWhorter prays this Court will issue an Order reopening the Suppression Hearing in this matter to receive testimony as to the credibility of the testimony of the officers.

Dated this 25th day of August 2008.

Respectfully submitted,

s/ Michael J. Petersen
MICHAEL J. PETERSEN
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: michael_petersen@fd.org
ASB-5072-E48M

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 2:08-CR-0006-MEF |
| | ) | |
| JEREMY C. MCWHORTER | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Matthew Shepherd, Esq., Assistant U.S. Attorney, 131 Clayton Street, Montgomery, AL 36101.

Respectfully submitted,

s/ Michael J. Petersen
MICHAEL J. PETERSEN
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: michael_petersen@fd.org
ASB-5072-E48M