IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cr-006-MEF |
| | ) | (WO) |
| JEREMY C. McWHORTER | ) | |

# **O R D E R**

On September 26, 2008, the government filed a Motion to Continue (Doc. #74). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the police officer who initiated the traffic stop in this case, Anthony Kestle, is presently attending the Pennsylvania State Police Academy. The exact graduation date has not been scheduled but a trial scheduled for mid-March 2009 would be after graduation. Kestle is an essential witness. His testimony is not cumulative of other

witnesses as he was the first police officer to respond to a call regarding the defendant, initiated the traffic stop, was present when the incriminating items were found in the defendant's car, and collected the evidence at the conclusion of the traffic stop.  He is unquestionably important to the trial of this case and the government intends to call him as a witness.  Counsel for the defendant does not oppose a continuance.  Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial.  *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

   Accordingly, it is hereby ORDERED:

   1.  That the defendant's motion filed on September 26, 2008 is GRANTED;

   2.  That the trial of this case is continued from the October 20, 2008 trial term to the March 16, 2009 trial term in Montgomery, Alabama.

   3.  That the Magistrate Judge conduct a pretrial conference prior to the March 16, 2009 trial term.

   DONE this the 7th day of October, 2008.

                              /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE